UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

2012 MAY 18 A 10: 19

Richard W. Stokes,

        Petitioner,

v.

Robert Stevenson, III,

        Respondent.

Civil Action No. 8:12-406-SB

**ORDER**



This matter is before the Court upon the Petitioner's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The record contains the report and recommendation of United States Magistrate Judge Jacquelyn D. Austin, which was made in accordance with 28 U.S.C. § 636(b) and the Local Civil Rules for this District.

In the R&R, which was filed on March 2, 2012, Magistrate Judge Austin noted that the Petitioner previously filed a section 2254 petition in 2002, which the Court dismissed as untimely. See Stokes v. Rushton, et al., Civil Action No. 2:02-1054-MJP-RSC. Ultimately, the Magistrate Judge recommended that the Court summarily dismiss the instant petition without prejudice and without requiring the Respondents to file a return because the Petitioner has not presented an order from the Fourth Circuit Court of Appeals authorizing the consideration of a successive petition. See, e.g., Rule 9 of the Section 2254 Rules ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3), (4)."); Miller v. Bordenkircher, 764 F.2d 245, 248-250 & n. 3-5 (4th Cir. 1985). In addition, the Magistrate Judge noted that the instant petition does not include any facts that relate to any of the statutory exceptions to dismissal

of a second or successive § 2254 application. See 28 U.S.C. § 2244(b)(2).[1]

The Petitioner filed objections to the R&R, wherein he "conced[s] that his petition is successive and presented without Order from the Fourth Circuit authorizing review by this Court." (Entry 13 at 1.) Nevertheless, the Petitioner asserts that the Magistrate Judge erred in determining that the Court cannot review his petition. The Petitioner reiterates his claims and argues that the Court should address the merits of his claims.

After a thorough review of the record, including a review of the Petitioner's previous section 2254 petition, the R&R in this case, and the Petitioner's objections, the Court finds that the Magistrate Judge correctly summarized the facts and applied the correct legal standard. Moreover, the Court finds the Petitioner's objections to be without merit. Accordingly, the Court adopts the R&R, overrules the Petitioner's objection, and finds that dismissal of the instant petition, without prejudice and without requiring the Respondents

---

[1] Section 2244(b)(2) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

2

to file a return, is appropriate under the circumstances.

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 10) is adopted and incorporated into this order; the Petitioner's objections (Entry 13) are overruled; and this action is dismissed without prejudice and without requiring the Respondents to file a return.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

May 15, 2012
Charleston, South Carolina